**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LANARD KITCHENS, | No. 16-16335 |
| Plaintiff-Appellant, | D.C. No. 1:12-cv-00105-SJM-MJS |
| v. | |
| LEACH, Senior Deputy; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Stephen Joseph Murphy III, District Judge, Presiding

Submitted June 19, 2018 **

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

California state prisoner Lanard Kitchens appeals pro se from the district

court's order denying relief from final judgment following a jury verdict in

Kitchens's 42 U.S.C. § 1983 action alleging that defendants subjected him to

unconstitutional conditions of confinement and retaliated against him. We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). We affirm.

The district court did not abuse its discretion in denying Kitchens's motion for relief from final judgment because Kitchens did not show any of the grounds for relief under Federal Rule of Civil Procedure 60(b). *See* Fed R. Civ. P. 60(b) (district court may grant relief because of, *inter alia*, "newly discovered evidence" or "fraud . . . , misrepresentation, or misconduct by an opposing party"); *De Saracho*, 206 F.3d at 880 (to establish fraud for purposes of Rule 60(b), "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud . . . and the conduct complained of prevented the losing party from fully and fairly presenting the defense."); *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987) ("Evidence is not 'newly discovered' under the Federal Rules if it was in the moving party's possession at the time of trial or could have been discovered with reasonable diligence.").

The record does not support Kitchens's contention that the district court denied any request for postjudgment discovery. To the extent that Kitchens seeks

2

reconsideration of this court's January 13, 2017, order denying his motion to compel, we decline to consider the request. *See* Dkt. No. 17.

**AFFIRMED.**